# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS WESTERN DIVISION

**DARLA HITT**                                                                                         **PLAINTIFF**

**V.**                                       **NO. 4:18cv135-DPM**

**RUSSELLVILLE HOLDINGS, LLC**                                      **DEFENDANT**

## AGREED PROTECTIVE ORDER

Plaintiff Darla Hitt and Defendant Russellville Holdings, LLC, have requested that a Protective Order be entered and, good cause appearing therefore, it is so ordered by the Court as follows:

1. Both parties agree that discovery in this case will include the production of confidential information including hospital policies and procedures and personnel information to potentially include financial information, payroll records, and medical information of plaintiff and similarly situated employees. For purposes of this case the term "confidential information" shall be deemed to refer to all documents produced and designated by any party as "confidential" during the course of discovery in this case.

2. The following shall govern as to all "confidential information":

a) All documents produced under this Order will be designated as confidential and the information contained therein shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Social security numbers may be redacted from documents produced under the terms of this Order.

b) Confidential documents shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or similar language to identify the documents as being subject to this

order. The designation on the cover of any multi-page documents shall designate all pages of the document as confidential unless otherwise noted.

3. Confidential material pursuant to this Order may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and, to the "qualified" persons designated below:

a) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

b) Court reporters employed in this action;

c) To a witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing confidential information will be maintained as confidential as well.

d) Any other person to whom the parties, in writing, agree or as directed by the Court by specific order.

Prior to receiving any confidential information each "qualified" person shall be provided with a copy of this Order and shall be subject to its terms and conditions.

4. Confidential Information shall not be filed on the public docket. If practicable, it shall be redacted. Fed. R. Civ. P. 5.2. If an entire page contains Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any Confidential Information and any related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

5. This Order shall not be deemed to prejudice the parties in any way nor shall any application for modification of this Order or to later seek production of other documents objected to by an opposing party. All designations of confidentiality shall be made based on a good faith

belief that the document(s) should, in fact, be subject to the confidentiality order. A party may oppose a confidentiality designation or redaction in writing within twenty days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue. If the parties can't resolve the issue, they must file a joint report pursuant to the Final Scheduling Order, № 9 at 3.

6. This Order is entered solely for the purpose of expediting and facilitating the exchange of documents and information between the parties in this action without additional involvement by the Court unnecessarily in this process. Nothing in this Order or the production of any information or document under the terms of this Order or any proceedings pursuant to this Order shall be deemed of the effect of an admission or waiver by either party or of allowing the confidentiality or non-confidentiality of any such document or information or altering any obligation of any party in the absence thereof.

7. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, counsel in possession of confidential materials shall ensure their continued confidentiality unless and until those documents are returned to the party providing them or certified as destroyed.

IT IS SO ORDERED.

*WPMarshall Jr.*
HONORABLE D.P. MARSHALL JR.
UNITED STATES DISTRICT COURT JUDGE

15 May 2018
DATE